## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK SHARP & DOHME CORP.,<br><br>*Plaintiff*,<br><br>v.<br><br>AJANTA PHARMA LIMITED, and<br>AJANTA PHARMA USA INC.,<br><br>*Defendants*. | C.A. No. _____ |

## **COMPLAINT**

Plaintiff Merck Sharp & Dohme Corp. ("Merck"), by its attorneys, for its Complaint, alleges as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of defendants' submission of Abbreviated New Drug Application ("ANDA") No. 214784 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a version of JANUVIA® (sitagliptin phosphate) prior to the expiration of U.S. Patent No. 7,326,708 ("the '708 patent").

2. Ajanta Pharma Limited notified Merck by letter dated May 6, 2020 ("Ajanta's Notice Letter") that it had submitted to the FDA ANDA No. 214784 ("Ajanta's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic sitagliptin phosphate oral tablets ("Ajanta's ANDA Product") prior to the expiration of the '708 patent.

1

3.     On information and belief, Ajanta ANDA Product is a generic version of Merck's JANUVIA®.

## PARTIES

4.     Plaintiff Merck is a corporation organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

5.     Merck is the holder of NDA No. 021995 for JANUVIA® (sitagliptin phosphate), which has been approved by the FDA.

6.     On information and belief, Defendant Ajanta Pharma Limited is a corporation organized and existing under the laws of India, having its principal place of business at No. 98, Ajanta House, Government Industrial Area, Charkop, Kandivali (West) Mumbai, Maharashtra 400067 India.  Upon information and belief, Ajanta Ltd. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Ajanta Pharma USA Inc.

7.     On information and belief, Defendant Ajanta Pharma USA Inc. is a corporation organized and existing under the laws of New Jersey, having its principal place of business at One Grande Commons, 440 U.S. Highway 22 East, Suite 150, Bridgewater, NJ 08807.  On information and belief, Ajanta Pharma USA Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market.

8.     On information and belief, Ajanta Pharma USA Inc. is a wholly owned subsidiary of Ajanta Pharma Limited.  Ajanta Pharma Limited and Ajanta Pharma USA Inc. are collectively referred to herein as "Ajanta."

9.     On information and belief, Ajanta Pharma Limited and Ajanta Pharma USA Inc. acted in concert to prepare and submit Ajanta's ANDA to the FDA.

2

10.     On information and belief, Ajanta Pharma Limited and Ajanta Pharma USA Inc. know and intend that upon approval of Ajanta's ANDA, Ajanta will manufacture, market, sell, and distribute Ajanta's ANDA Product throughout the United States, including in Delaware.  On information and belief, Ajanta Pharma Limited and Ajanta Pharma USA Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Ajanta's ANDA Product, and enter into agreements that are nearer than arm's length. On information and belief, Ajanta Pharma Limited and Ajanta Pharma USA Inc. participated, assisted, and cooperated in carrying out the acts complained of herein.

11.     On information and belief, following any FDA approval of Ajanta's ANDA, Ajanta Pharma Limited and Ajanta Pharma USA Inc. will act in concert to distribute and sell Ajanta's ANDA Product throughout the United States, including within Delaware.

## JURISDICTION

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13.     This Court has personal jurisdiction over Ajanta.

14.     Ajanta Pharma Limited is subject to personal jurisdiction in Delaware because, among other things, Ajanta Pharma Limited, itself and through its wholly owned subsidiary Ajanta Pharma USA Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Ajanta Pharma Limited, itself and through its wholly owned subsidiary Ajanta Pharma USA Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.  In addition, Ajanta Pharma Limited is subject to

3

personal jurisdiction in Delaware because, on information and belief, it controls and dominates Ajanta Pharma USA Inc. and therefore the activities of Ajanta Pharma USA Inc. in this jurisdiction are attributed to Ajanta Pharma Limited.

15.     Ajanta Pharma USA Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  In addition, on information and belief, Ajanta Pharma USA Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

16.     In addition, this Court has personal jurisdiction over Ajanta because Ajanta Pharma Limited and Ajanta Pharma USA Inc. regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court.  *See, e.g., Pfizer Inc. v. Ajanta Pharm Ltd*, 19-517-LPS (D. Del. Mar. 15, 2019) (Ajanta Pharma Limited and Ajanta Pharma USA Inc.); *Otsuka Pharma Co. Ltd. vs. Ajanta Pharma Ltd.*, 19-1939-LPS (D. Del. Oct. 11, 2019) (Ajanta Pharma Limited);  *Amgen Inc. v. Ajanta Pharma Limited*, 16-899-GMS (D. Del. Nov. 18, 2016) (Ajanta Pharma Limited and Ajanta Pharma USA Inc.); *Allergan Sales, LLC v. Ajanta Pharma Ltd.*, 19-1249-LPS (D. Del. Dec. 20, 2019) (Ajanta Pharma Limited and Ajanta Pharma USA Inc.).

4

17.     On information and belief, if Ajanta's ANDA is approved, Ajanta will manufacture, market, sell, and/or distribute Ajanta's ANDA Product within the United States, including in Delaware, consistent with Ajanta's practices for the marketing and distribution of other generic pharmaceutical products.  On information and belief, Ajanta regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware.  On information and belief, Ajanta's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware.  On information and belief, Ajanta's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Ajanta's ANDA Product is approved before the patent expires.

18.     On information and belief, Ajanta derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Ajanta and/or for which Ajanta Pharma Limited and/or Ajanta Pharma USA Inc. is/are the named applicant(s) on approved ANDAs.  On information and belief, various products for which Ajanta Pharma Limited and/or Ajanta Pharma USA Inc. is/are the named applicant(s) on approved ANDAs are available at retail pharmacies in Delaware.

<b><u>VENUE</u></b>

19.     Merck incorporates each of the preceding paragraphs 1–18 as if fully set forth herein.

5

20. Venue is proper in this district as to Ajanta Pharma Limited under 28 U.S.C. § 1391 because Ajanta Pharma Limited is a corporation organized and existing under the laws of India and is subject to personal jurisdiction in this judicial district.

21. Venue is also proper in this district as to Ajanta under 28 U.S.C. § 1400(b) because on information and belief, Ajanta's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Ajanta's ANDA Product is approved before the patent expires

## THE '708 PATENT

22. Merck incorporates each of the preceding paragraphs 1–21 as if fully set forth herein.

23. The inventors named on the '708 patent are Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr.

24. The '708 patent, entitled "Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor" (attached as Exhibit A), was duly and legally issued on February 5, 2008.

25. Merck is the owner and assignee of the '708 patent.

26. The '708 patent claims, *inter alia*, a dihydrogenphosphate salt of 4-oxo-4-[3-(trifluoromethyl)-5,6-dihydro[1,2,4]triazolo[4,3-a]pyrazin-7(8H)-yl]-1-(2,4,5-trifluorophenyl)butan-2-amine of structural formula I, or a hydrate thereof, as recited in claim 1 of the '708 patent.

27. JANUVIA®, as well as methods of using JANUVIA®, are covered by one or more claims of the '708 patent, including claim 1 of the '708 patent, and the '708 patent has been listed in connection with JANUVIA® in the FDA's Orange Book.

ME1 33634391v.1

## COUNT I – INFRINGEMENT OF THE '708 PATENT

28.     Merck incorporates each of the preceding paragraphs 1–27 as if fully set forth herein.

29.     In Ajanta's Notice Letter, Ajanta notified Merck of the submission of Ajanta's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Ajanta's ANDA Product prior to the expiration of the '708 patent.

30.     In Ajanta's Notice Letter, Ajanta also notified Merck that, as part of its ANDA, Ajanta had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '708 patent.  On information and belief, Ajanta submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Ajanta's ANDA Product.

31.     In Ajanta's Notice Letter, Ajanta stated that Ajanta's ANDA Product contains sitagliptin phosphate as an active ingredient.

32.     Ajanta's ANDA Product, and the use of Ajanta's ANDA Product, are covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Ajanta's ANDA Product.

33.     In Ajanta's Notice Letter, Ajanta did not contest infringement of claim 1 of the '708 patent.

34.     Ajanta's submission of its ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Ajanta's ANDA

7

ME1 33634391v.1

Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

35. On information and belief, Ajanta will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Ajanta's ANDA Product immediately and imminently upon approval of its ANDA.

36. The manufacture, use, sale, offer for sale, or importation of Ajanta's ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

37. On information and belief, the manufacture, use, sale, offer for sale, or importation of Ajanta's ANDA Product in accordance with, and as directed by its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

38. On information and belief, Ajanta plans and intends to, and will, actively induce infringement of the '708 patent when Ajanta's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Ajanta's activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

39. On information and belief, Ajanta knows that Ajanta's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Ajanta's ANDA Product is not a staple article or commodity of commerce, and that Ajanta's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Ajanta plans and intends to, and will, contribute to infringement of the '708 patent immediately and imminently upon approval of Ajanta's ANDA.

8

40.     Notwithstanding Ajanta's knowledge of the claims of the '708 patent, Ajanta has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Ajanta's ANDA Product with its product labeling following FDA approval of Ajanta's ANDA prior to the expiration of the '708 patent.

41.     The foregoing actions by Ajanta constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.

42.     On information and belief, Ajanta has acted with full knowledge of the '708 patent and without a reasonable basis for believing that it would not be liable for infringement of the '708 patent; active inducement of infringement of the '708 patent; and/or contribution to the infringement by others of the '708 patent.

43.     Merck will be substantially and irreparably damaged by infringement of the '708 patent.

44.     Unless Ajanta is enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent, Merck will suffer irreparable injury.  Merck has no adequate remedy at law.

### COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '708 PATENT

45.     Merck incorporates each of the preceding paragraphs 1–44 as if fully set forth herein.

46.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the

ME1 33634391v.1

one hand and Ajanta on the other regarding Ajanta's infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.

47.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Ajanta's ANDA Product with its proposed labeling, or any other Ajanta drug product that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.

**PRAYER FOR RELIEF**

WHEREFORE, Merck requests the following relief:

(a)     A judgment that the '708 patent has been infringed under 35 U.S.C. § 271(e)(2) by Ajanta's submission to the FDA of Ajanta's ANDA;

(b)     A judgment ordering that the effective date of any FDA approval of the commercial manufacture, use, or sale of Ajanta's ANDA Product, or any other drug product that infringes or the use of which infringes the '708 patent, be not earlier than the latest of the expiration date of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)     A preliminary and permanent injunction enjoining Ajanta, and all persons acting in concert with Ajanta, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Ajanta's ANDA Product, or any other drug product covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Ajanta's ANDA Product, or any other drug product that is covered by or whose

10

ME1 33634391v.1

use is covered by the '708 patent, prior to the expiration of the '708 patent, will infringe, induce

the infringement of, and contribute to the infringement by others of, the '708 patent;

(e)    A declaration that this is an exceptional case and an award of attorney's fees

pursuant to 35 U.S.C. § 285;

(f)    Costs and expenses in this action; and

(g)    Such further and other relief as this Court may deem just and proper.

Dated: June 17, 2020                    Respectfully submitted,

OF COUNSEL:                             MCCARTER & ENGLISH, LLP

Bruce R. Genderson                      */s/ Daniel M. Silver*
Jessamyn S. Berniker                    Michael P. Kelly (#2295)
Stanley E. Fisher                       Daniel M. Silver (#4758)
Alexander S. Zolan                      Alexandra M. Joyce (#6423)
Elise M. Baumgarten                     Renaissance Centre
Shaun P. Mahaffy                        405 N. King Street, 8th Floor
Anthony H. Sheh                         Wilmington, DE 19801
Jingyuan Luo                            T: (302) 984-6300
WILLIAMS & CONNOLLY LLP                 mkelly@mccarter.com
725 Twelfth Street, N.W.                dsilver@mccarter.com
Washington, DC 20005                    ajoyce@mccarter.com
T: (202) 434-5000
F: (202) 434-5029                       *Attorneys for Plaintiff*
bgenderson@wc.com                       *Merck Sharp & Dohme Corp.*
jberniker@wc.com
sfisher@wc.com
azolan@wc.com
ebaumgarten@wc.com
smahaffy@wc.com
asheh@wc.com
jluo@wc.com

ME1 33634391v.1